### In re STRANG et al.

(Circuit Court, S. D. New York. July 24, 1908.)

No. 5,180.

1. EVIDENCE (§ 355*)—MEMORANDUM—DECEASED AGENT.

A memorandum in the handwriting of a deceased clerk, after proof of the loss of the books from which the memorandum was made in the regular course of the clerk's business under the directions of his employers, concerning what appeared on the books of a firm indebted to them, proved to be in the clerk's handwriting, was admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1491; Dec. Dig. § 355.*]

2. PARTNERSHIP (§ 68*)—ASSETS—LAND.

Since a firm's assets need not consist solely of what is related to or used in the daily transactions of the firm, the fact that title to submerged land stood in the name of one of the members of a firm and was apparently not useful in the firm's business was not conclusive that the land did not in fact belong to the firm.

[Ed. Note.—For other cases, see Partnership, Dec. Dig. § 68.*]

3. EVIDENCE (§ 271*) — SELF-SERVING DECLARATIONS — BANKRUPTCY SCHEDULES.

Bankruptcy schedules cannot be regarded as the self-serving declarations of the bankrupt.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 271.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Bankruptcy.

The following is the memorandum of the District Judge, referred to in the opinion of the Circuit Court:

I think the Oakley memorandum offered is admissible, after proof of loss of books and death of man who made the trial balance in the course of business, to show that there was a Spuyten Duyvel land account in the books of Strang & Holland Bros. From Ballard's testimony it is probable that the firm of Strang & Holland Bros. was established in 1873; and this, taken in connection with the date (March 21, 1873) asserted in the schedules, renders it not unlikely that the Spuyten Duyvel land was considered as a firm asset on formation of the firm.

When these facts and probabilities are taken in connection with Mr. Cuthbert's testimony and the schedules, it is clear that the partners, by their books of account, by Strang's statement to creditors before bankruptcy, and by their schedules in bankruptcy, asserted firm ownership in this land under water, and the only evidence contra is the deed running to Strang alone, and the fact that the submerged land was apparently not useful in the wool business. But a firm's assets need not consist solely of what is related to or used in the daily transactions of the partnership. The question is, not whether the firm could use the property, but did it, as matter of fact, own the property? And, if no rule of law be violated by consistent assumption and assertion of ownership, certainly the partners knew best what they owned and why and how they owned it. That title should be in Strang's name violated no rule of law. No formal transfer from him was necessary to vest title in the firm, and after so many years every presumption is in favor of the assertions of the schedules.

It is error to consider those schedules as self-serving declarations. No reason appears why Strang should not tell the truth to both firm and individual creditors, and the schedule is in one aspect a solemn oath, taken at the invitation of all creditors of every class.

Being of opinion that the schedules have not been successfully impugned, but, on the contrary, sustained by some independent evidence, the second question certified is answered by declaring that the property referred to is to be deemed an asset of the firm of Strang & Holland Bros. This renders it unnecessary to answer the first question.

There will be no costs awarded.

Henry B. Culver, for petitioner.
John Jay McKelvey, for respondents.

LACOMBE, Circuit Judge. I am entirely satisfied that the memorandum in the handwriting of the deceased clerk of Maitland Phelps & Co. was admissible in evidence. The books were lost or destroyed years ago. This clerk was engaged in the regular course of his business, when, under the directions of his employers, he undertook to make a memorandum of what appeared on the books of a firm indebted to them. The paper proved to be in his handwriting is clearly within the rule. Act March 2, 1867, c. 176, 14 Stat. 517.

I concur fully in the opinion of the district judge. Order affirmed, with costs.